UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JOHNATHON STEWART RODEN,

    Plaintiff,

v.

DON PLONT et al.,

    Defendants.

_____/

Case No. 2:17-cv-188

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Trinity Food Service Group. The Court will serve the complaint against Defendants Don Plont.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF) in Kincheloe, Michigan. The events about

which he complains occurred at that facility. Plaintiff sues Don Plont, who was employed as a Food Steward for Trinity Food Service Group. The Court notes that Plaintiff has filed a motion to amend his complaint, as well as a proposed amended complaint (ECF No. 6). Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend once as a matter of course before a responsive pleading is served. Therefore, Plaintiff's motion is properly granted and the Court will accept Plaintiff's proposed amended complaint as the complaint in this case.

Plaintiff alleges that on August 30, 2017, he discovered a maggot crawling out of the banana on his dinner tray. Plaintiff immediately notified Sergeant Beauliu by showing him the maggot. Sergeant Beauliu instructed Plaintiff to get a new tray. Plaintiff asked if the chow line should be stopped and Sergeant Beauliu told him to go tell Defendant Plont. Plaintiff then approached Defendant Plont and told him that there were maggots or worms crawling out of his banana. Defendant Plont gave the banana a cursory look and said, "No there's not." Plaintiff again showed Defendant Plont the maggot and asked to see a supervisor. Defendant Plont responded by telling Plaintiff that the maggot was just goo, and stating that if Plaintiff did not go sit down, he was going to write him a misconduct for creating disturbance. Plaintiff then asked Line Officer Templeton if he saw the maggot. Officer Templeton stated, "eww." Defendant Plont then took the banana and said, "Oh yeah, I see. I must have looked at the wrong spot. You can get a new tray." Defendant Plont then instructed the line workers to pull all the bananas and serve apples.

While in line to receive a new tray, Plaintiff asked the line workers "[w]hy aren't you sanitizing? Plaintiff also asked, "[w]hat is the food steward's name?" Defendant Plont then interrupted, telling Plaintiff that he had gotten a new tray and to just "leave it alone." Plaintiff

stated that he was not going to leave it alone, and was going to file a grievance. Defendant Plont stated, "That's it. You're getting a ticket. Give me your ID." Plaintiff complied.

Defendant Plont wrote Plaintiff a class II ticket for creating a disturbance, which accused Plaintiff of being loud and slowing down chow lines. Plaintiff had a hearing on the misconduct on September 7, 2017, and was found not guilty. Hearing Officer Menard viewed the camera footage of the incident, interviewed witnesses, and concluded:

> Inmate had simply had a bad banana that had something on it, he requested a replacement by showing it to the [Sergeant] and the Food Steward [Plont]. No disturbance was observed.

*See* ECF No. 6-1, PageID.64.

On September 14, 2017, Plaintiff wrote a grievance on Defendants Trinity Food Service and Plont, asserting retaliation and dereliction of duty. The grievance was denied as not grievable. Plaintiff also filed a grievance on Sergeant Beauliu for refusing to take a picture of the maggots. In the grievance response, Trinity employee S. Jones stated that there was no policy which required that a picture be taken.

Plaintiff claims that Defendants violated his right to be free from retaliation from complaining about maggots in his food. Plaintiff also claims that Defendants violated his Eighth Amendment rights. Plaintiff seeks compensatory and punitive damages.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's claims against Defendant Trinity Food Service Group fails because the corporation cannot be liable for an individual Defendant's actions based upon a theory of respondeat superior or vicarious liability. It is well established that a plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious

4

liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (*quoting Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). A plaintiff that sues a private or public corporation for constitutional violations under § 1983 must establish that a policy or custom caused the alleged injury. *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998); *Street*, 102 F.3d at 818. The Sixth Circuit has specifically held that like a municipal corporation, a private corporation's "liability must also be premised on some policy that caused a deprivation of [a prisoner's constitutional] rights." *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001). Plaintiff makes a conclusory claim that Defendant Trinity Food Service Group maintains a custom and or policy of retaliation against prisoners who seek redress under the First Amendment. However, Plaintiff fails to allege any specific facts showing that such a custom or policy actually existed. The mere fact that Defendant Plont, an employee of Trinity Food Service Group, acted in a retaliatory manner is insufficient to show the existence of a policy. Thus, because Trinity Food Service Group is not liable under a theory of respondeat superior for Defendant Plont's alleged misconduct, it is properly dismissed.

Plaintiff claims that Defendant Plont violated his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with

5

"deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Plaintiff fails to allege any facts showing that he faced such a risk. Therefore, his Eighth Amendment claim is properly dismissed.

Plaintiff claims that Defendant Plont retaliated against him by writing a false misconduct on him. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). After carefully reviewing the allegations in Plaintiff's amended complaint (ECF No. 6), the Court concludes that

his retaliation claim against Defendant Plont is non-frivolous and may not be dismissed on initial review.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Trinity Food Service Group will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Don Plont.

An Order consistent with this Opinion will be entered.

Dated: April 16, 2018 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge