UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN STEWART RODEN #319782,   Case No. 2:17-cv-00188

              Plaintiff,   Hon. Paul L. Maloney
v.   U.S. District Judge

DARRELL PLONT,

              Defendant.
_____/

## REPORT AND RECOMMENDATION

### Introduction

This is a civil rights action brought by state prisoner Jonathan Stewart Roden pursuant to 42 U.S.C. §1983.  This case stems from an incident in the dining hall at Kinross Correctional Facility (KCF) in Kincheloe, Michigan.  Roden found a worm or a maggot on a banana he had picked up in the food service line.  He complained and was given a new tray and an opportunity to go back through the food line once the bananas were replaced with apples.  Roden then complained that the food service line had not been sanitized and threatened to file a grievance against Defendant Plont, who had declined to sanitize the line.  After this incident, Plont wrote a Class II misconduct ticket on Roden for creating a disturbance in the dining hall, and Roden filed grievances against Plont for retaliation and against food services for the condition of his food.  All of these claims were investigated within the prison.  Roden subsequently filed this lawsuit.  He alleges that Plont issued a misconduct ticket

1

against him for engaging in protected conduct, in violation of his First Amendment rights.

Both parties have filed motions for summary judgment as to the above claim. For the reasons set forth below, the undersigned concludes that Roden's asserted protected conduct – his complaint that the food services line had not been sanitized after the discovery of the maggot or worm on his banana – is frivolous. Thus, his complaint does not constitute protected conduct. Accordingly, the undersigned respectfully recommends that this Court deny Roden's motion for summary judgment (ECF No. 43) and grant Defendant's motion for summary judgment (ECF No. 38).

## Procedural History

Roden filed his initial complaint on November 9, 2017. He alleged that Defendants Trinity Services Group and its employee Darrell Plont violated his First, Eighth, and Fourteenth Amendment rights. (ECF No. 1.) On April 16, 2018, the Court issued a screening opinion in which it determined that Roden's only viable claim was his First Amendment retaliation claim against Defendant Plont, thus dismissing Trinity Services Group from the case. (ECF No. 8, PageID.85.)

On January 21, 2019, Plont filed a motion for summary judgment. (ECF No. 38.) Roden then filed his own motion for summary judgment on February 11, 2019, and a response to Plont's motion for summary judgment on March 18, 2019. (ECF Nos. 43, 57.) Plont filed a response to Roden's motion for summary judgment on March 26, 2019, and a reply to Roden's response on April 1, 2019. (ECF Nos. 61, 64.)

## Factual Allegations

In August 2017, Roden, a prisoner with the Michigan Department of Corrections (MDOC), was incarcerated at KCF. In the affidavit Roden provided with his motion for summary judgment, he alleged that, on or about August 30, 2017, he was eating dinner in the chow hall when he discovered a maggot in his banana. (ECF No. 43-3, PageID.369.) Roden says that he then alerted Sergeant Beaulieu of his discovery. (*Id.*) According to Roden, Beaulieu instructed him to get a new food tray and to inform the Food Steward, Defendant Plont, of the situation. (*Id.*)

Roden says that Plont initially dismissed Roden's claim and told him to sit down or he (Plont) would write a misconduct ticket. (*Id.*) Roden says that he then showed another officer the maggot on his banana, and the other officer verified its existence. (*Id.*) Plont, who was apparently still present, then took the banana from Roden, explained that he now saw the maggot, and told Roden to get a new tray. (*Id.*) According to Roden, Plont also directed workers on the food service line to remove the bananas and replace them with apples. (*Id.*)

Roden says that Plont did not direct the line workers to sanitize the serving line, and explains that this led him to confront Plont and ask for Plont's identifying information. Roden says that Plont said, "you got a new tray. You just need to leave it alone." (*Id.*) Roden says that he said, "I don't need to leave it along. I'm writing this up." (*Id.*[1])

---

[1] Roden also submitted an affidavit by prisoner Marcus Reid. (ECF No. 43-2, PageID.366-67.) This affidavit is substantially similar to Roden's affidavit.

Roden says that Plont took his ID card after stopping the service line, and then wrote a creating-a-disturbance misconduct ticket on him. (*Id.* at PageID.370.) Roden alleges that Plont wrote the misconduct ticket against him in retaliation for his threat to write up Plont. (*Id.*)

Later that day, Plont issued a Class II misconduct report charging Roden with creating a disturbance. (ECF No. 43-4, PageID.373.) Hearing Officer Menard conducted a hearing on this allegation on September 13, 2017. Menard found Roden not guilty. (*Id.* at PageID.374.) The hearing report states that Roden pled not guilty and says he only wanted a replacement for the banana he had received. (*Id.*) The report gives no indication that Roden alleged retaliation by Plont.

On September 6, 2017, Roden filed a Step I grievance (identified as KCF1709-0731-9E) alleging that the food service line was not cleaned after the discovery of the maggot on his banana, and that no photographs were taken of his specific banana. (ECF No. 43-6, PageID.387.) The Step I respondent noted that Roden received a substitution, that bananas were removed from the line, and that proper sanitation methods followed. (*Id.* at PageID.388.) After Roden appealed, the Step II respondent found that the incident was an isolated event and that staff conducted themselves professionally. (*Id.* at PageID.390.) Roden's Steps II and III appeals were denied. (*Id.* at PageID.390, 392.)

On September 18, 2017, Roden filed another Step I grievance (identified as KCF1709-0772-27A). He alleged that Plont retaliated against him for complaining about the maggot on his banana. (ECF No. 43-6, PageID.380.) This grievance was

4

rejected on grounds that decisions made in minor misconduct hearings are non-grievable. (*Id.* at 383.) This rejection was upheld at Steps II and III despite objections by Roden. (*Id.* at 384-86.)

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

## Defendant Was Acting Under Color of State Law

As an initial matter, the Court must determine whether Defendant Plont – an employee of Trinity Food Services at the time of the incident – was acting under color of state law. Plont asserts that, because he was employed by a private company contracting with the MDOC, he was not acting under the color of state law. This Court disagrees. As another federal court in Michigan ruled, "Trinity

5

contracted with the State of Michigan to provide food-related services to prisoners in state custody, traditionally a state function. Accordingly, Trinity and its employees can be sued under § 1983 as state actors." *Brockman v. McCullick*, No. 17-10399, 2018 WL 3207902, at *3 (E.D. Mich. June 29, 2018) (citing *Horn v. Hunt*, No. 2:15-CV-220, 2015 WL 5873290, at *4 (S.D. Ohio Oct. 8, 2015) (collecting cases)). The undersigned agrees with the ruling in *Brockman* and the underlying reasoning, and concludes that Plont was acting under color of state law.

### Retaliation

In order to set forth a First Amendment retaliation claim, a plaintiff must establish: (1) that he was engaged in protected conduct; (2) that an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) that the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). According to Roden, Plont retaliated against him by writing a false Class II misconduct after Roden threatened to write a grievance on him for declining to sanitize the serving line. (ECF No. 46, PageID.425-426.) In response, Plont asserts that Roden cannot satisfy at least the second and third element of his retaliation claim because the misconduct did not deter Roden from filing a grievance, and Roden was in fact creating a disturbance, which was the only reason that Plont wrote him the misconduct. (ECF No. 40, PageID.333-335.)

The undersigned will, however, base its conclusion on the absence of a genuine issue of material fact as to first element of retaliation: the requirement that the

plaintiff engage in protected conduct. "An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf. This right is protected, however, only if the grievances are not frivolous." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (citation omitted). A verbal complaint about a grievable issue or a threat to file a grievance may also constitute protected conduct. *Pasley v. Conerly*, 345 F. App'x. 981, 984-85 (6th Cir. 2009). Where a retaliation claim is based upon a verbal complaint or threat, that threat constitutes protected conduct if the forthcoming grievance would not have been frivolous. *Id*.

In this case, Roden complains about actions by Plont after he (Roden) was allowed to get a clean tray and get back in line for food. Roden describes the interaction leading to his alleged protected conduct as follows:

> 6. Plont took the Banana out of my hand and stated "Yeah, I must have looked at the wrong spot. You can get a new tray.". Plont instructed workers to pull all the Bananas and serve apples.
>
> 7. While in line to get a new tray, I asked the serving line workers "Why aren't you sanitizing?" The line worker looked at Plont. I then asked, "What is his name?" (Asking for Plont's name.)
>
> 8. Plont interrupted stating, "Why? You got a new tray. You just need to leave it alone.". I replied, "I don't need to leave it alone. I'm writing this up."

(ECF No. 43-3, PageID.369.)

When Roden states that he is "writing this up," he is referring to Plont's unwillingness to sanitize the food services line. A review of Roden's grievance confirms this interpretation. In his grievance, Roden stated that food service personnel failed to clean the food service line after the maggot or worm was found in Roden's banana, and added a complaint that they failed to take photographs of his specific banana. (*See* ECF No. 43-6, PageID.387 (Roden's Step I grievance).)

7

Roden's complaint about the sanitization of the food services line does not constitute protected conduct because it is frivolous. The respondent to this grievance found that proper sanitation measures were followed and that this was an isolated incident. (*Id*. at PageID.390.) Roden does not allege any facts that would indicate that a failure to sanitize the line was unhealthy or unsanitary. He does not explain where the bananas were in relation to the other parts of the food line. He does not explain what it means to "sanitize the line." Based on the factual assertions in the pleadings, Roden is complaining about an insignificant issue. The undersigned finds that Roden's failure to allege any facts in support of his position indicates that there is no genuine issue of material fact as to the protected conduct element.

It should be noted that the facts in this case are distinguishable from those in *Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018). In *Maben*, the court of appeals determined that the plaintiff was engaged in protected conduct when he approached the serving line and complained about receiving a very small portion of food. 887 F.3d 252, 264 (6th Cir. 2018). In *Maben*, the court of appeals was convinced that the plaintiff's complaints about the inadequate portions of food Maben was receiving – which were the result of directions from a prison official – were sufficient to constitute protected conduct. As the court noted, "Maben was complaining about the adequacy of his food, and we refuse to say that a complaint about one of the major requirements of life is a frivolous or *de minimis* grievance." *Id*. at 265. Here, Roden is complaining about the adequacy of a cleaning procedure without alleging any facts to indicate that the lack of this procedure was significant. Roden has left unrebutted the Step I and

8

II grievance respondents' explanations that the "proper sanitation methods were taken" and "[a]ll substitutions and cleaning processes were enacted." (ECF No. 43-6, PageID.388, 390.)

Roden has not stated any facts indicating that he (or anyone else) was harmed by Plont's decision to forgo sanitizing the food services line. Where a grievance involves conduct that has no negative impact on the plaintiff, then the grievance may be frivolous. *See Thaddeus-X v. Love*, 215 F.3d 1327, *3 (6th Cir. 2000) (noting that "threat to file a grievance against the defendant because he was eating food at the prison guard desk is patently frivolous as the defendant's conduct had no adverse impact on [plaintiff]"). The evidence indicates that the discovery of a maggot on Roden's banana was an isolated incident. Common sense says that persons involved in large-scale food services will occasionally distribute a piece of fruit or vegetable that is substandard. Roden, however, has failed to allege facts showing that Plont's decision to forgo sanitizing the food line was flawed. Accordingly, the complaint that Roden relies to establish his involvement in protected conduct is frivolous.

## Recommendation

The undersigned concludes that Roden's asserted protected conduct – his complaint that the food services line had not been sanitized after the discovery of the maggot or worm on his banana – is frivolous. Thus, his complaint does not constitute protected conduct. Accordingly, the undersigned respectfully recommends that this Court deny Roden's motion for summary judgment (ECF No. 43) and grant Defendant's motion for summary judgment (ECF No. 38).

NOTICE TO PARTIES: Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  August 14, 2019                     /s/ *Maarten Vermaat*
                                            MAARTEN VERMAAT
                                            U. S. MAGISTRATE JUDGE