UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN RODEN, #319782,<br>　　　　　　　Plaintiff,<br>-v-<br>DARRELL PLONT and TRINITY FOOD SERVICE GROUPS,<br>　　　　　　　Defendants. | No. 2:17-cv-188<br><br>Honorable Paul L. Maloney |

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought pro se by a state prisoner under 42 U.S.C. § 1983. The case centers around Plaintiff's allegation that in August 2017, he found a maggot on a banana he picked up in the food service line. Defendant Plont wrote Plaintiff a misconduct ticket the same day, and Plaintiff later filed two grievances. The core of Plaintiff's claim is that Defendant Plont retaliated against him for engaging in protected conduct, in violation of his First Amendment rights. On August 14, 2019, United States Magistrate Judge Maarten Vermaat issued a Report & Recommendation ("R&R") recommending that the Court grant Defendant Plont's[1] motion for summary judgment (ECF No. 38) and deny Plaintiff's motion for summary judgment (ECF No. 43; R&R ECF No. 66). This matter is now before the Court on Plaintiff's objections to the R&R (ECF No. 68). For the reasons to be discussed, the Court will overrule all objections and adopt the R&R as the Opinion of the Court.

---
[1] Defendant Trinity Food Service Groups was dismissed on April 16, 2018 (ECF No. 9).

## Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Plaintiff first objects to the R&R's conclusion that he did not engage in protected conduct. The magistrate judge found that Plaintiff's first grievance was a complaint about Plont's failure to take a photograph of the offending banana and a complaint about the failure to sanitize the food line. The R&R determined that this grievance involved insignificant issues

2

because it involved only a request for a photograph and an unclear "failure to sanitize." Because the grievance was frivolous, it did not rise to the level of protected conduct. Plaintiff now objects, arguing that the grievance was about the maggot itself. Plaintiff cites his second grievance in support of this argument, which raises the same retaliation argument as this lawsuit and characterizes the first grievance as a "complaint/grievance about maggots in my food" (ECF No. 43-6 at PageID.380).

Upon review of the record, this objection is meritless. Plaintiff's first grievance, filed on September 5, 2017, states in full:

> On August 30, 2017, between 1715 and 1730 I was served a food tray with maggots in my banana. I took the Tray to Sgt. Beaulieu. He instructed me to take the tray to Food Steward Plont. I showed Plont and C/O Tempelton. The serving line was stopped and cleared of all bananas, However, the line was not cleaned nor was a picture taken of my specific banana. This violates the food Service/Prisoner Meals Policy and Trinity Sanitation Policy. The incident was not properly documented/recorded.

(ECF No. 43-6 at PageID.387). The "response" portion of the grievance form reiterates Plaintiff's main concern: "Inmate states this grievance is because there was no picture taken." (*Id.*) The Step II Grievance Response confirms this: "In the Step II appeal, Grievant suggests that the Sgt. did not document that a maggot was found in the food. Grievant suggests that the Sgt. should have taken a picture." (ECF No. 43-6 at PageID.390.) The Step III appeal, in Plaintiff's own handwriting, hits this point home: "Issue not resolved. The maggot was not properly documented. The serving line was never sanitized." (ECF No. 43-6 at PageID.391.)

The four corners of the grievance clearly show that Plaintiff's concerns were the lack of a photograph and the lack of "proper sanitation." He did not ever claim that he was receiving inadequate or subpar food, nor did he highlight the maggot's existence or seek

3

some sort of redress for the maggot's presence. Plaintiff grieved the failure to take a photograph and the failure to "properly sanitize" the food service line.

The R&R did not err when it characterized this grievance as frivolous. Plaintiff fails to acknowledge the response to his grievance, which notes that the proper sanitation measures were followed once the food service workers learned of the maggot (ECF No. 43-6 at PageID.390). Moreover, the issues Plaintiff grieved are insignificant. He has not explained how the failure to sanitize the line was unhealthy or unsanitary, nor has he explained what effect the lack of photograph has. Plaintiff has not set forth any facts showing that he suffered negative consequences as a result of these two alleged errors, nor did he allege that the errors negatively affected the quality of food he receives. Plaintiff cannot now point to the second grievance (which characterizes the first grievance) as evidence of the first grievance's content. That is a logical fallacy: Plaintiff cannot use the grievance about his retaliation claim (which was necessarily created *after* the grievance that gave rise to the retaliation claim) as evidence of protected conduct that was retaliated against. The R&R properly considered only Plaintiff's first grievance and determined that it was frivolous. Therefore, Plaintiff's objection is overruled.

Plaintiff next objects to two sentences in the R&R, claiming they wrongly characterize his grievance as "referring to Plont's unwillingness to sanitize the food service line" and complaining about "the actions of Plont after he (Roden) was allowed to get a clean tray." (See ECF No. 66 at 7, PageID.587). In support of these objections, Plaintiff again cites to the second grievance as broadly referring to the entire situation. Again, this is irrelevant: the

4

R&R refers to the first grievance because the first grievance is the relevant conduct. Plaintiff's objections are overruled.

Plaintiff makes one final objection: in one sentence, he claims that "protected conduct is a question of law and is not amenable to a genuine issue of material fact test." This objection is cursory and conclusive, so this Court need not review it. *Mira*, 806 F.2d at 637. Regardless, the Court notes that Plaintiff is incorrect: filing a grievance is generally protected conduct, but only if the grievance is not frivolous. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Therefore, the question of fact is whether the content of the grievance is frivolous. It is properly evaluated at the summary judgment stage. *See, e.g., Maben v. Thelen*, 887 F.3d 252, 264-66 (6th Cir. 2018) (on appeal from a grant of summary judgment to Thelen, evaluating whether Maben's grievance was frivolous). Plaintiff has failed to present evidence that his grievance was not frivolous, instead relying on his second grievance's characterization of the first grievance. Accordingly, this objection is overruled.

## Order

This Court finds no error in the R&R, and accordingly,

**IT IS ORDERED** that the August 14, 2019 R&R (ECF No. 66) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the R&R (ECF No. 68) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 43) **DENIED**.

5

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 38) is **GRANTED**.

**JUDGMENT TO FOLLOW**.

Date:   September 23, 2019                                     /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               United States District Judge